COMMISSIONER OF LABOR OF NORTH CAROLINA, Plaintiff-Appellant v. HOUSE OF RAEFORD FARMS, INC., Defendant-Appellee

No. COA95-1401

(Filed 5 November 1996)

1. **Labor and Employment § 75 (NCI4th)— employee's REDA complaint forwarded to employer—compliance with statute**

The trial court erred in its determination that the Commissioner of Labor failed to forward a copy of a dismissed employee's Retaliatory Employment Discrimination Act (REDA) complaint to defendant employer within 20 days following receipt in accordance with N.C.G.S. § 95-242(a) where the evidence tended to show that, five days after the Department of Labor's Right to Know Division received necessary information from the dismissed employee about the name and address of the employer, a person at defendant's place of business signed the receipt for the letter sent by the director of plaintiff's Right to Know Division informing defendant of the dismissed employee's REDA complaint.

**Am Jur 2d, Wrongful Discharge § 10.**

2. **Labor and Employment § 75 (NCI4th)— REDA complaint— statutory time periods directory**

The trial court erred in dismissing plaintiff Commissioner of Labor's REDA complaint on the ground that the Commissioner had exceeded the 90-day time period in N.C.G.S. § 95-242(a) for the Commissioner to make a determination as to the merit of a complaint, since the complaint processing time periods of the statute are directory and not jurisdictional, as the statute fails to provide a consequence for the Commissioner's failure to comply with the 90-day period, and the statute is intended to spur the Commissioner to action, not limit the scope of his authority.

**Am Jur 2d, Wrongful Discharge § 10.**

Appeal by plaintiff from order entered 11 September 1995 by Judge E. Lynn Johnson in Hoke County Superior Court. Heard in the Court of Appeals 18 September 1996.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Hilda Burnett-Baker and Associate Attorney General Daniel D. Addison, for plaintiff-appellant.*

*Jordan, Price, Wall, Gray & Jones, L.L.P., by Henry W. Jones, Jr. and A. Hope Derby, for defendant-appellee.*

JOHNSON, Judge.

On 9 October 1992, Betty Jo Locklear (now Betty Jo Barton) was injured when she accidentally slipped and fell while working at a poultry plant owned and operated by defendant House of Raeford Farms, Inc. in Lumber Bridge, North Carolina. After being absent from work as a result of the 9 October incident, defendant terminated Ms. Barton's employment on 26 October 1992.

Thereafter, Ms. Barton wrote a letter to the North Carolina Department of Labor complaining that she was unfairly terminated and had not received workers' compensation. However, Ms. Barton failed to indicate the name and address of her employer in this letter.

Ms. Barton's letter was received by the Department of Labor's Right to Know Division on 11 November 1992. At that time, the Right to Know Division was responsible for investigating complaints alleging workplace retaliation in violation of North Carolina's Retaliatory Employment Discrimination Act (REDA), N.C. Gen. Stat. § 95-240, *et seq.* However, as Ms. Barton's letter did not contain the name and address of her employer, the Right to Know Division could not proceed with its investigation and, therefore, contacted Ms. Barton to request that she provide that information.

Consequently, Ms. Barton responded by letter, received by the Right to Know Division on 16 December 1992, which noted the name and address of defendant as being her employer. Therein, she also noted that defendant's personnel director had said that he would file a workers' compensation claim for her, but that she had never received any information in reference to such a claim.

On 18 December 1992, the Director of the Right to Know Division, Ann Wall, wrote a letter to defendant informing defendant corporation of Ms. Barton's REDA complaint. Enclosed were copies of both of Ms. Barton's complaint letters. Ms. Wall's letter was sent by certified mail, return receipt requested, on that same date. On 21 December 1992, someone at defendant's place of business signed the

COMMISSIONER OF LABOR v. HOUSE OF RAEFORD FARMS

[124 N.C. App. 349 (1996)]

receipt for the letter. Notably, defendant's personnel director, Erick Wowra, maintains that neither he nor anyone else at defendant's place of business received Ms. Wall's letter on that date.

For a period of time, during which the Department of Labor's Right to Know Division was being realigned and reorganized, Ms. Barton's claim remained open, but uninvestigated. Finally, on 11 April 1994, after the General Assembly provided permanent funding to a new division for the processing of REDA complaints, the Workplace Retaliatory Discrimination Division (WORD), Ms. Barton's complaint was assigned to REDA investigator Joseph D. Turnham.

As a consequence, on 12 April 1994, WORD sent a letter to defendant informing the corporation of Mr. Turnham's assignment to the case. On 26 April 1994, Mr. Turnham visited defendant's place of business and interviewed several of the personnel as a part of his investigation of Ms. Barton's complaint. During this visit, defendant's personnel director, Mr. Wowra, asked Mr. Turnham to supply him with a copy of the complaint. As a result, Mr. Turnham faxed a copy of the complaint to Mr. Wowra on 27 April 1994.

Mr. Turnham completed his investigation of Ms. Barton's complaint on 25 May 1994. On that date, Ms. Wall, on behalf of the Commissioner of Labor, determined that the allegations of Ms. Barton's complaint were true and that the complaint was meritorious.

Following this determination, efforts to conciliate the complaint were made, but were unsuccessful. Thus, on 6 February 1995, Ms. Wall, on behalf of the Commissioner of Labor, informed Ms. Barton and defendant that the Commissioner would file a civil action; and subsequently, on 27 April 1995, plaintiff instituted this action in Hoke County Superior Court, alleging that defendant had violated North Carolina REDA.

Thereafter, on 30 June 1995, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. This motion came on for hearing before Judge E. Lynn Johnson at the 11 September 1995 civil session of Hoke County Superior Court.

The evidence presented tended to show the following: Defendant's personnel director, Mr. Wowra, questioned the authenticity of a doctor's note that Ms. Barton had submitted to excuse her absence from work after her injury in October 1992. Mr. Wowra stated that he had spoken with Ms. Barton's doctor, Dr. Peter

Perryman, in October 1992, and that Dr. Perryman had indicated that he had given Ms. Barton a note to excuse her absence, but that the date on the note, on which Ms. Barton was to return to work had been altered by someone in the doctor's office without his consent. During his investigation, Mr. Turnham had opportunity to speak with Dr. Perryman, and at that time, the doctor indicated that he had altered the date on the note himself. Significantly, Dr. Perryman died on 15 May 1995.

After reviewing the evidence presented by both parties, Judge Johnson ruled upon defendant's motion as one for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, as both parties presented affidavits and other matters outside of the pleadings, concluding that defendant's motion should be granted and dismissing plaintiff's complaint. Plaintiff appeals.

On appeal, plaintiff presents but one assignment of error: The court's entry of summary judgment in favor of defendant was in error because plaintiff met the statutory investigatory prerequisites for bringing this action. We agree.

Summary judgment is appropriately granted pursuant to North Carolina General Statutes section 1A-1, Rule 56(c) when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party to the action is entitled to a judgment as a matter of law. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995); N.C. Gen. Stat. § 1A-1, Rule 56 (1990). It is the moving party who bears the burden of showing that lack of a triable issue. Once the moving party meets its burden, section (e) of Rule 56 provides that the burden then shifts to the non-moving party to present a forecast of evidence showing that the non-moving party will be able to make out at least a prima facie case at trial. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). For the reasons discussed herein, we find that defendant failed to show a lack of a genuine issue of material fact in this case, and therefore, we conclude that the trial court erroneously granted its motion for summary judgment.

[1] First, plaintiff argues that the trial court erred in its determination that it failed to forward a copy of Ms. Barton's complaint to defendant within twenty (20) days following receipt, in accordance with section 95-242(a) of the General Statutes. Section 95-242(a) of

North Carolina's REDA provides that within twenty (20) days following receipt of a complaint, a copy of that complaint shall be forwarded to the employer who is alleged to have violated the law. N.C. Gen. Stat. § 95-242(a) (1993).

In the instant action, Ms. Betty Jo Barton penned a letter to the Department of Labor's Right to Know Division complaining of defendant's alleged violations of REDA. However, the letter failed to indicate defendant's name and address. Without this information, the Right to Know Division was unable to commence an investigation of Ms. Barton's allegations. Moreover, the statutory period in which to begin an investigation of these allegations could not begin without the requisite information as to an employer's name and address.

Subsequently, the Right to Know Division contacted Ms. Barton and requested this information. Ms. Barton responded to this request by letter, which was received by the Right to Know Division on 16 December 1992. Consequently, on 18 December 1992, Ms. Wall, the Director of the Right to Know Division, wrote a letter to defendant informing it of Ms. Barton's REDA complaint and enclosing copies of Ms. Barton's letters. Although defendant's personnel director, Mr. Worwa, contends otherwise, the evidence in the light most favorable to plaintiff, tends to show that a person at defendant's place of business signed the receipt for Ms. Wall's letter on 21 December 1992. Accordingly, we find that a copy of Ms. Barton's complaint was forwarded to defendant and an investigation was commenced within twenty (20) days of receipt of the necessary information from Ms. Barton. Defendant's arguments to the contrary fail.

[2] Plaintiff next argues that the complaint processing time periods in section 95-242(a) are directory, not jurisdictional in nature, and thus, the court erred in dismissing this action on the basis that plaintiff exceeded these time periods. We agree.

Whether the time provisions of section 95-242(a) are jurisdictional in nature is dependent upon legislative intent—i.e., whether the legislature intended the language of section 95-242(a) to be mandatory or directory. *State ex rel. Utilities Comm. v. Empire Power Co.*, 112 N.C. App. 265, 277, 435 S.E.2d 553, 559 (1993) (citing *Art Society v. Bridges, State Auditor*, 235 N.C. 125, 130, 69 S.E.2d 1, 5 (1952)), *disc. review denied*, 335 N.C. 564, 441 S.E.2d 125 (1994). Generally, "statutory time periods are . . . considered to be directory rather than mandatory unless the legislature expresses a consequence for failure to comply within the time period." *Id.* (citing

*Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 883 (5th Cir. 1992); *Thomas v. Barry*, 729 F.2d 1469, 1470 n.5 (D.C. Cir. 1984)). Mandatory provisions are jurisdictional, while directory provisions are not.

Section 95-242(a) provides:

> An employee allegedly aggrieved by a violation of G.S. 95-241 may file a written complaint with the Commissioner of Labor alleging the violation. The complaint shall be filed within 180 days of the alleged violation. Within 20 days following receipt of the complaint, the Commissioner shall forward a copy of the complaint to the person alleged to have committed the violation and shall initiate an investigation. If the Commissioner determines after the investigation that there is not reasonable cause to believe that the allegation is true, the Commissioner shall dismiss the complaint, promptly notify the employee and the respondent, and issue a right-to-sue letter to the employee that will enable the employee to bring a civil action pursuant to G.S. 95-243. If the Commissioner determines after investigation that there is reasonable cause to believe that the allegation is true, the Commissioner shall attempt to eliminate the alleged violation by informal methods which may consist of conference, conciliation, and persuasion. *The Commissioner shall make a determination as soon as possible and, in any event, not later than 90 days after the filing of the complaint.*

N.C.G.S. § 95-242(a) (emphasis added). Significantly, the statute fails to provide a consequence for the Commissioner's failure to comply with the 90-day period given to make a determination about a complaint.

Plaintiff references our decision in *Empire Power*, 112 N.C. App. 265, 435 S.E.2d 553, in support of this argument. In *Empire Power*, our Court was called upon to interpret a statute much like the one in this case—section 62-82(a) of the General Statutes. Section 62-82(a) required the Utilities Commission to commence a hearing into an application for a certificate of public convenience and necessity not later than three months after the filing of the application. N.C. Gen. Stat. § 62-82(a) (1989). The Court, utilizing the canons of statutory construction, interpreted the statutory time period in that instance to be directory, rather than mandatory since the statute did not contain any consequences for the Utilities Commission's failure to commence a hearing within the specified time period and did not divest the Commission of jurisdiction to do so. *Empire Power*, 112 N.C. App.

265, 435 S.E.2d 553. Accordingly, the Court held that the time period contained therein was directory and not jurisdictional, giving the Commission authority to commence the subject hearing after the three month period was past. *Id.*

Defendant, however, references *Spiers v. Davenport*, 263 N.C. 56, 138 S.E.2d 762 (1964), and *HCA Crossroads Residential Ctrs. v. N. C. Dept. of Human Res.*, 327 N.C. 573, 398 S.E.2d 466 (1990), in support of its position to the contrary. In *Spiers*, the North Carolina Supreme Court was called upon to interpret The Machinery Act, N.C. Gen. Stat. § 105-271 *et seq.*, which required a county tax board to complete county property valuations " 'not later than the third Monday following its first meeting.' " 263 N.C. at 59, 138 S.E.2d at 763 (quoting N.C. Gen. Stat. § 105-327(e)). The Supreme Court held that the statute was mandatory, and therefore, the tax board lacked jurisdiction to revalue the plaintiff's property after the statutory time period had passed. The Court, however, particularly noted that "[t]he reason why the [board] is required to act within a fixed time is apparent." *Id.* at 59, 138 S.E.2d at 764. It was paramount that property be valued within the statutory time period, so that the other time limits provided in the Act would also be met. Otherwise, the entire taxation process would be disrupted. *Id.*

In *HCA Crossroads*, our Supreme Court interpreted section 131E-185 of the North Carolina General Statutes. Together, subsections 131E-185(a1) and (c) provided a 150-day statutory time period within which the Department of Human Resources could review applications for certificates of need. N.C. Gen. Stat. § 131E-185 (a1), (c) (1988). As this time period was jurisdictional in nature, the Supreme Court found that failure to act on an application within this time period, rendered any decision by the Department, other than an approval of the application, a nullity. *HCA Crossroads*, 327 N.C. 573, 398 S.E.2d 466. This Court, however, distinguished *HCA Crossroads* in *Empire Power* stating that the case was inapplicable to *Empire Power* because the statute in *Empire Power* (N.C.G.S. § 62-82(a)) did not contain the explicit language addressed in *HCA Crossroads* (N.C.G.S. § 131E-185). *Empire Power*, 112 N.C. App. at 278, 398 S.E.2d at 560.

In the case *sub judice*, we find a statute similar to that of the one in *Empire Power*. North Carolina General Statutes section 95-242(a) requires that the Commissioner of Labor make a determination as to the merit of a complaint within 90 days, but fails to provide a result

in the event that the Commissioner fails to do so. As this Court found in *Empire Power*, we find today that this statutory time period is of a directory, not jurisdictional nature.

While defendant's arguments of prejudice do not fall upon deaf ears, we are particularly persuaded in this case by the legislative history and circumstances surrounding the adoption of North Carolina's REDA. The North Carolina General Assembly enacted REDA in response to the disastrous fire which occurred in September 1991 at Imperial Food Products in Hamlet, North Carolina. By enacting REDA, the General Assembly sought to remedy unsafe and unlawful workplace conditions, by providing employees with a mechanism to report these violations without being punished for doing so. It is doubtful, therefore, that the General Assembly wished to place such stringent restrictions on the investigatory time periods found in section 95-242(a), so as to deny an injured employee the right to seek redress through REDA. As did the United States Supreme Court in *Brock v. Pierce County*, we balance the equities in this case, and find that the statutory language in section 95-242(a) was intended to spur the Commissioner to action, not limit the scope of his authority. *See Brock v. Pierce County*, 476 U.S. 253, 90 L. Ed. 2d 248 (1986) (interpreting 29 U.S.C. § 816(b) (now repealed) and recognizing the importance of allowing agencies to go forward after procedural deadlines, when divesting the agency of jurisdiction would prejudice a private citizen seeking redress). Hence, we cannot say that as a matter of law the Commissioner was without jurisdiction to bring this matter to the court's attention, and as such, we find that the trial court erred in dismissing this action on the basis that plaintiff had exceeded this statutory time period.

As the trial court incorrectly interpreted the nature of the provisions of section 95-242(a), we find that there is indeed genuine issue of material fact in the instant case and that the trial court erred in granting defendant's motion for summary judgment. Therefore, the trial court's decision is reversed and the case is remanded.

Reversed and remanded.

Chief Judge ARNOLD and GREENE concur.