MARK JAMES BRACKETT, Plaintiff v. SGL CARBON CORPORATION, Defendant

No. COA02-965

(Filed 3 June 2003)

**1. Pleadings— 12(b)(6) motion to dismiss—consideration of documents not attached to complaint—motion not converted to summary judgment**

A motion to dismiss for failure to state a claim was not converted into a motion for summary judgment where the court considered documents not attached to the complaint. Those documents were referred to in the complaint and formed the procedural basis for the complaint.

BRACKETT v. SGL CARBON CORP.

[158 N.C. App. 252 (2003)]

**2. Employer and Employee— retaliatory discharge—time limit for claim**

The 180-day time limit for filing a Retaliatory Employment Discrimination Act claim with the North Carolina Department of Labor is mandatory even though there is no express statutory consequence for failing to file within the time limit.

**3. Statutes of Limitations and Repose— retaliatory discharge—time limits for filing**

There is no merit in the argument that the 3-year limitations period of N.C.G.S. § 1-52 should control the 180-day filing limit of the Retaliatory Employment Discrimination Act.

**4. Employer and Employee— retaliatory discharge—motion to amend—additional claim—responsive pleading not filed—futile motion**

The trial court properly denied plaintiff's motion to amend his complaint to assert an additional claim under the Retaliatory Employment Discrimination Act based on an alleged post-complaint incident of discrimination where the original claim was time-barred and plaintiff failed to file his additional claim with the N.C. Department of Labor before seeking to add it to his complaint so that allowance of the amendment would have been futile.

**5. Employer and Employee; Workers' Compensation— wrongful discharge—assertion of workers' compensation rights— amendment of complaint—responsive pleading not filed— motion not futile**

A plaintiff may state a claim for wrongful discharge in violation of public policy based upon an allegation that the dismissal resulted from an assertion of rights under the Workers' Compensation Act, and plaintiff was entitled to amend his complaint to add such a claim as a matter of right before defendants had filed a responsive pleading. The trial court could not properly deny as futile the motion to amend on the ground that plaintiff was a union employee who could only be dismissed for just cause rather than an at-will employee and thus could not sue in tort for wrongful discharge under *Trexler v. Norfolk S. Ry. Co.*, 145 N.C. App. 466, where the terms of the purported collective bargaining agreement were not before the court.

BRACKETT v. SGL CARBON CORP.

[158 N.C. App. 252 (2003)]

Appeal by plaintiff from orders entered 25 February 2002 and 8 March 2002 by Judge Kimberly S. Taylor in Burke County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Mark James Brackett, pro se, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Jonathan M. Crotty and John B. Anderson, for defendant-appellee.*

MARTIN, Judge.

Plaintiff filed this action alleging defendant's violation of the North Carolina Retaliatory Employment Discrimination Act ("REDA"). Plaintiff sought compensatory and punitive damages and injunctive relief. According to the allegations of the complaint, plaintiff alleges he developed skin lesions on his arm due to burns sustained at work during 1998. He reported these injuries to defendant in the fall of 1999, took medical leave, and requested that defendant pay for surgical removal of the lesions. He was released to return to work by the company doctor on 1 December 1999. Plaintiff alleged that on 2 December 1999 he was falsely accused by defendant of working for another employer during his leave. Defendant terminated plaintiff's employment, denied liability for his alleged injuries, and refused to pay for his medical expenses.

On 2 June 2000, plaintiff filed a REDA claim against defendant with the North Carolina Department of Labor ("NCDOL"), alleging he was fired because he reported an on-the-job injury. Plaintiff received a "right-to-sue" letter from the NCDOL on 22 June stating that it was dismissing plaintiff's complaint due to his failure to file the REDA claim within 180 days of the alleged discriminatory discharge as required by statute. Plaintiff was subsequently reinstated by defendant on 28 August 2000 and returned to work.

Based on the right-to-sue letter, plaintiff filed the instant civil action in Burke County Superior Court on 20 September 2000. On 22 November 2000, defendant filed a "Motion for Judgment as a Matter of Law," citing G.S. § 1A-1, Rules 12(b)(6) and 56(b), asserting plaintiff's claim is time-barred. Eleven months thereafter, plaintiff filed a Motion to Amend seeking to allege that defendant had, since plaintiff's return to work, committed an additional discriminatory act under REDA. Before the motions were heard, plaintiff filed a Supplemental Motion For Leave to Amend on 21 February 2002, in which he also sought to allege a common law claim for wrongful discharge. Plaintiff appeals from the trial court's orders dismissing his

**BRACKETT v. SGL CARBON CORP.**

[158 N.C. App. 252 (2003)]

complaint with prejudice and denying his Motion to Amend and Supplemental Motion for Leave to Amend.

By his assignments of error, plaintiff asserts the trial court erred in (1) granting defendant's motion and dismissing plaintiff's complaint and (2) denying plaintiff's motions to amend his complaint.

**[1]** Plaintiff first asserts that although he filed his REDA claim with the NCDOL over 180 days after the alleged discriminatory discharge, his claim should not have been dismissed. We note at the outset that the trial court appears to have proceeded under Rule 12(b)(6) in dismissing plaintiff's complaint. Although the trial court must have necessarily considered plaintiff's administrative complaint and/or right-to-sue letter, documents not attached to the complaint, in ruling on the motion, because plaintiff referred to these documents in the complaint and they form the procedural basis for the complaint, the trial court did not convert the motion into one for summary judgment by doing so. *See Scott v. United Carolina Bank*, 130 N.C. App. 426, 428, 503 S.E.2d 149, 151 (1998) (consideration of trust indenture referred to in complaint did not convert 12(b)(6) motion to one for summary judgment), *disc. review denied*, 350 N.C. 99, 528 S.E.2d 584 (1999); *Brooks Distributing Co. v. Pugh*, 91 N.C. App. 715, 717-18, 373 S.E.2d 300, 302 (1988) (consideration of contracts presented by defendants at pre-trial conference which were subject of action did not convert motion to one for summary judgment), *reversed on other grounds*, 324 N.C. 326, 378 S.E.2d 31 (1989).

> To determine whether a complaint is sufficient to survive a Rule 12(b)(6) motion to dismiss, the court must ascertain " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " Pursuant to Rule 12(b)(6), a complaint should be dismissed " 'if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim.' "

*Plummer v. Community General Hosp.*, 155 N.C. App. 574, 576, 573 S.E.2d 596, 598 (2002) (citations omitted).

**[2]** G.S. § 95-242, a provision of REDA, states in pertinent part:

> (a) An employee allegedly aggrieved by a violation of G.S. 95-241 may file a written complaint with the Commissioner of Labor

alleging the violation. *The complaint shall be filed within 180 days of the alleged violation . . . .*

N.C. Gen. Stat. § 95-242(a) (2002) (emphasis added). Citing *Commissioner of Labor v. House of Raeford Farms*, 124 N.C. App. 349, 477 S.E.2d 230 (1996), *disc. review improv. allowed*, 347 N.C. 347, 492 S.E.2d 354 (1997), plaintiff contends the 180-day statutory time limit should not be strictly construed. Plaintiff relies, in particular, on the Court's statement that:

Generally, "statutory time periods are . . . considered to be directory rather than mandatory unless the legislature expresses a consequence for failure to comply within the time period." Mandatory provisions are jurisdictional, while directory provisions are not.

*Id.* at 353-54, 477 S.E.2d at 233 (citations omitted). Because G.S. § 95-242(a) provides no express consequence for failure to file a REDA claim with the NCDOL within 180 days, plaintiff asserts the time limit is merely "directory, not mandatory."

Plaintiff's reliance on *House of Raeford Farms* is misplaced. *House of Raeford Farms* dealt with a claims processing time limit imposed on the NCDOL, the agency responsible for reviewing REDA claims under the statute. In declaring the time limit was not mandatory, the Court specifically expressed concern about interpreting the statute to allow agency delay to prejudice the claims of private citizens, *id.* at 356, 477 S.E.2d at 234, and cited similar decisions regarding statutory time limits on the actions of governmental authorities processing private claims. *See, e.g., Brock v. Pierce County*, 476 U.S. 253, 90 L. Ed. 2d 248 (1986); *State ex rel. Utilities Comm. v. Empire Power Co.*, 112 N.C. App. 265, 435 S.E.2d 553 (1993), *disc. review denied*, 335 N.C. 564, 441 S.E.2d 125 (1994). Thus, we decline to extend the rationale of *House of Raeford Farms* to the filing time limit at issue in the present case.

Although there is no express statutory consequence for failing to meet the 180-day time limit set forth in G.S. § 95-242(a), case law precedent indicates the limit is a mandatory one. For example, G.S. § 95-243 contains a time limit provision similar to the one at issue:

(a) An employee who has been issued a right-to-sue letter . . . may commence a civil action in the superior court . . . .

**BRACKETT v. SGL CARBON CORP.**

[158 N.C. App. 252 (2003)]

(b) A civil action under this section *shall be commenced by an employee within 90 days* of the date upon which the right-to-sue letter was issued . . . .

N.C. Gen. Stat. § 95-243 (2002) (emphasis added). In *Telesca v. SAS Inst., Inc.*, 133 N.C. App. 653, 516 S.E.2d 397, *disc. review denied*, 351 N.C. 120, 540 S.E.2d 749 (1999), this 90-day limit was interpreted as mandatory, though the statute contains no express consequence for failure to meet the deadline. In addition, 42 U.S.C. § 2000e-5(e) uses similar language to describe the time for filing charges of employment discrimination under Title VII of the Civil Rights Act of 1964:

(1) A charge under this section *shall be filed within one hundred and eighty days* after the alleged unlawful employment practice occurred . . . .

42 U.S.C. § 2000e-5(e)(1) (2003) (emphasis added). In *Amtrak v. Morgan*, the United States Supreme Court declared this 180-day limitation to be mandatory, holding that "a claim is time barred if it is not filed within [this] time limit[]." 536 U.S. 101, 108-09, 153 L. Ed. 2d 106, 119 (2002) (" 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law' " (citations omitted)). We believe the 180-day time limit for filing a REDA claim with the NCDOL should be similarly construed. Thus, we hold the 180-day time limit for filing a REDA claim with the NCDOL is mandatory.

[3] Plaintiff's remaining argument that where the time limits of REDA conflict with G.S. § 1-52, § 1-52 should control, is clearly without merit. *See* N.C. Gen. Stat. § 1-52(2) (2003) (civil action must be commenced within three years "[u]pon a liability created by statute, . . . unless some other time is mentioned in the statute creating it"). Because plaintiff's administrative REDA complaint and right-to-sue letter show clearly that plaintiff filed his REDA claim with the NCDOL over 180 days after the alleged discriminatory discharge, the trial court did not err in concluding that plaintiff's complaint failed to state a claim under REDA and the dismissal of that claim with prejudice is affirmed.

[4] Plaintiff next argues the trial court erred in denying his motions for leave to amend the complaint by adding (1) a REDA claim based on alleged retaliatory conduct by defendant after the original complaint was filed and (2) a claim for wrongful discharge in violation of

public policy based on the original alleged discriminatory discharge. "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court . . . ; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2003). In contrast, "[u]pon motion of a party the court may, . . . upon such terms as are just, permit him to serve a supplemental pleading setting forth . . . occurrences or events which may have happened since the date of the pleading sought to be supplemented . . . ." N.C. Gen. Stat. § 1A-1, Rule 15(d) (2003).

Plaintiff's motion to amend to assert an additional REDA claim based on an alleged post-complaint incident of discrimination falls under Rule 15(d). A trial court's decision to grant or deny a motion to serve supplemental pleadings is reviewable only for abuse of discretion. *Miller v. Ruth's of North Carolina, Inc.*, 69 N.C. App. 153, 316 S.E.2d 622 (1984). Aside from failing to meet any of the time limitations discussed above, without a right-to-sue letter issued by the Commissioner of Labor, a plaintiff may not file a civil action for an alleged violation of REDA. N.C. Gen. Stat. § 95-243(e) (2003). Because plaintiff failed to file his additional REDA claim with the NCDOL before seeking to add it to the instant complaint, the trial court properly determined that granting plaintiff leave to add it to the complaint would be futile and denied the motion. *See North Carolina Council of Churches v. State*, 120 N.C. App. 84, 461 S.E.2d 354 (1995) (noting that motion under either Rule 15(a) or (d) may be denied if proposed amendment futile).

[5] Plaintiff's motion seeking to add to his complaint a' claim for wrongful discharge in violation of public policy based on the original discriminatory discharge is properly considered under Rule 15(a). *See Williams v. Rutherford Freight Lines, Inc.*, 10 N.C. App. 384, 391-92, 179 S.E.2d 319, 325 (1971) ("amendments [under Rule 15(a)] relate to occurrences, transactions and events that could have been, but for some reason were not, alleged in the pleadings sought to be amended"). As such, because defendants had yet to file a responsive pleading and the trial court had yet to rule on defendant's Rule 12 motion when plaintiff made the motion to amend, it would appear that plaintiff was entitled to amend the complaint as a matter of right. *See Johnson v. Bollinger*, 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987) (motion to dismiss is not responsive pleading, though trial court's dismissal of complaint terminates right to amend). Nonetheless, the trial court denied the motion to amend as futile.

BRACKETT v. SGL CARBON CORP.

[158 N.C. App. 252 (2003)]

North Carolina follows the at-will employment doctrine, which dictates that "in the absence of a contractual agreement . . . establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." *Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997), *reh'g denied*, 347 N.C. 586, 502 S.E.2d 594 (1998). One of the few exceptions to this doctrine is the public policy exception.

> There is no specific list of what actions constitute a violation of public policy. However, wrongful discharge claims have been recognized in North Carolina where the employee was discharged (1) for refusing to violate the law at the employers request, (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy.

*Ridenhour v. IBM*, 132 N.C. App. 563, 568-69, 512 S.E.2d 774, 778, *disc. review denied*, 350 N.C. 595, 537 S.E.2d 481 (1999). Wrongful discharge in violation of public policy is a tort claim, *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 718 (2002), *disc. review denied*, 357 N.C. 165, —— S.E.2d —— (1 May 2003), and to prevail on this claim, an employee must "plead[] and prov[e] that the employee's dismissal occurred for a reason that violates public policy." *Salter v. E & J Healthcare, Inc.*, 155 N.C. App. 685, 693, 575 S.E.2d 46, 51 (2003).

Recently, in *Salter*, this Court analyzed whether "a claim of wrongful discharge based upon North Carolina public policy of not punishing employees for exercising their statutory rights under the Workers' Compensation Act was tenable . . . ." 155 N.C. App. at 697, 575 S.E.2d at 54. Although the Court concluded that it arguably was, it did not decide the issue definitively because the evidence proffered by the plaintiff in that case would not have sustained the claim. *Id.* Now that the issue is squarely before us, we agree with the reasoning of *Salter* on this issue.

Pursuing one's rights under the Workers' Compensation Act, G.S. §§ 97-1 *et seq.* (2003), is a legally protected activity. *See* N.C. Gen. Stat. § 95-241(a)(1)a. (2003); (former) § 97-6.1 (repealed 1991). "[P]ublic policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes." *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 353, 416

S.E.2d 166, 169 (1992) (plaintiffs stated claim for wrongful discharge in violation of public policy where allegedly forced to work for less than minimum wage in violation of state Wage and Hour Act). Moreover, the statutory remedy available for violation of this public policy does not "diminish the rights or remedies of any employee . . . at common law." N.C. Gen. Stat. § 95-244 (2002). Therefore, a plaintiff may state a claim for wrongful discharge in violation of public policy where he or she alleges the dismissal resulted from an assertion of rights under the Workers' Compensation Act. The statute of limitations for such a claim is three years. N.C. Gen. Stat. § 1-52(5) (2003).

The transcript of the hearing indicates the trial court decided plaintiff's amendment would be futile in light of this Court's decision in *Trexler v. Norfolk S. Ry. Co.*, 145 N.C. App. 466, 550 S.E.2d 540 (2001). Defendant asserts that *Trexler* stands for the principle that employees who are employed pursuant to union agreements are not at-will employees and therefore cannot sue in tort for wrongful discharge. However, in *Trexler*, the exact terms of the plaintiff's union agreement were cited as evidence that he could only be fired for just cause and was thus not an at-will employee. *Id.* at 471-72, 550 S.E.2d at 543. In the present case, although defendant asserted in its legal memorandum to the trial court and argued at the hearing that plaintiff was a union employee subject to discharge only for just cause under a collective bargaining agreement, plaintiff did not stipulate to this statement and neither party offered the collective bargaining agreement into evidence. Since the terms of the purported union agreement were not before the trial court, they could not have provided a proper basis for denying the motion to amend and dismissing the complaint. *See Hankins v. Somers*, 39 N.C. App. 617, 620, 251 S.E.2d 640, 642 (trial court "should rely only on material that would be admissible at trial in ruling on" motion to dismiss or for judgment), *disc. review denied*, 297 N.C. 300, 254 S.E.2d 920 (1979). The trial court could only have made its ruling on the basis of defendant's characterization of an agreement not in evidence or a misunderstanding of the scope of *Trexler*. In either event, plaintiff's motion to amend the complaint by adding a claim for wrongful discharge in violation of public policy may not have been futile and the denial of the motion could not have been the result of a reasoned decision. Therefore, we reverse the trial court's denial of plaintiff's motion to amend by adding a claim for wrongful discharge and remand this matter for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

Judges HUDSON and ELMORE concur.