STEELMAN, Judge.
The trial court did not err by dismissing plaintiff's complaint under N.C. Gen.Stat. § 1A-1, Rule 12(b)(6), or abuse its discretion by denying plaintiff's motion to amend his complaint.
I. Factual and Procedural History
In 2012 Robert Davis (plaintiff) was elected president of the Robeson County branch of the National Association for the Advancement of Colored People ("NAACP"). During a 24 January 2013 meeting of the executive committee of the Robeson County branch of the NAACP, a dispute arose concerning a possible financial audit of the branch. After the meeting, members of the executive committee communicated with NAACP officials at the state and national level, and in May 2013 the national board of directors directed that all elected officers and executive committee members of the Robeson County branch be removed and that the branch be reorganized.
On 21 November 2013 plaintiff filed a complaint against Patricia McCoy (defendant) asserting claims for libel and slander, based on statements that defendant allegedly made during the 24 January 2013 executive committee meeting and in communications with the NAACP administration. Defendant filed an answer on 16 December 2013, denying the material allegations of the complaint and asserting defenses, including qualified privilege.
On 13 February 2014, without having received leave from the trial court, plaintiff filed an amended complaint. The amended complaint asserted claims for libel and slander, and named four new additional defendants: William Barber, Amina Turner, James Buxton, Jr., and Renea Stackhouse. On 14 February 2014 plaintiff caused there to be issued summonses naming Barber, Turner, Buxton, and Stackhouse as defendants in this matter. The record is devoid of any indication that any of these four summonses were served upon the purported defendants. On 13 March 2014 plaintiff submitted interrogatories to two of the purported new defendants named in his amended complaint, Turner and Stackhouse. On 27 March 2014 plaintiff filed a motion to supplement his complaint, and attached a copy of the amended complaint filed in February 2014. On 30 April 2014 plaintiff filed a motion seeking entry of default judgment against Turner and Stackhouse for failure to respond to his interrogatories.
On 12 March 2014 defendant filed a motion to dismiss plaintiff's complaint pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b) 6. On 28 April 2014 the trial court conducted a hearing on plaintiff's motions to supplement and amend his complaint and his motion for sanctions against defendant under N.C. Gen.Stat. § 1A-1, Rule 11, and on defendant's motion for dismissal of plaintiff's complaint. On 1 May 2014 the trial court entered an order granting defendant's motion to dismiss plaintiff's complaint on the basis that "all of Plaintiff's original Complaint relates entirely to matters as to which the Defendant had a qualified privilege as a matter of law," and denying plaintiff's motions to amend his complaint and for sanctions.
On 9 May 2014 plaintiff filed a document styled as "Motion to Amend or Alter under Rules 52(b) and 59(a)," and a motion for Judge Tally to recuse herself. Following a hearing conducted on 15 September 2014, the trial court entered orders denying plaintiff's motions on 17 September 2014.
Plaintiff appeals.
II. General Observations Concerning Plaintiff's Appeal
We first note that our review in this matter is substantially hindered by the fact that plaintiff's complaint, amended complaint, memoranda to the trial court, and appellate brief are rambling, unfocused, and in many instances incoherent.[1] It is not the role of an appellate court to create an appeal for an appellant or to crystalize his rambling thoughts into a coherent argument. See, e.g., Goodson v. P.H. Glatfelter Co.,171 N.C.App. 596, 606, 615 S.E.2d 350, 358, disc. review denied,360 N.C. 63, 623 S.E.2d 582 (2005) ) ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."). An appellate court cannot serve as an advocate for either party and still maintain its role as an impartial arbiter of the parties' dispute. "The Court of Appeals sits as a reviewer of the actions of the trial court. In that role, we must be impartial to all parties. It is not our role to advocate for a party that has failed to file a brief, nor is it our role to supplement and expand upon poorly made arguments of a party filing a brief.... We address only those issues which are clearly and understandably presented to us." Hill, v. Hill,---N.C.App. ----, ----, 748 S.E.2d 352, 356 (2013).
III. Plaintiff's Violations of the Rules of Appellate Procedure
We next address plaintiff's violations of the North Carolina Rules of Appellate Procedure. A full discussion of all of these violations would require an inordinately voluminous opinion, and we therefore limit our discussion to several major violations.
A. Notice of Appeal
N.C.R.App. P. 3(a) requires that an appellant give notice of appeal and Rule 9(a)(1)h dictates that the record shall include a copy of the judgment or order appealed from. Plaintiff's notice of appeal fails to clearly identify the order from which he is appealing. The notice states that he gives notice of appeal "from the order entered on September 16, 2014" which "granted defendants' Motion to Dismiss Plaintiff's civil action against the defendants pursuant to [N.C. Gen.Stat. § ] 1A-1, Rule 12(b)(6)." However, the orders entered on 17 September 2014 did notdismiss plaintiff's complaint; those orders denied plaintiff's motions for recusal and for reconsideration of the trial court's earlier order. The trial court did enter an order dismissing plaintiff's complaint on 1 May 2014, but this date is not mentioned in the notice of appeal. Thus, plaintiff gives notice of appeal from an order which he identifies with a date that does not correspond to the content of the order entered on that date.
Based on the description in plaintiff's notice of appeal, we conclude that plaintiff's notice of appeal is limited to the order entered on 1 May 2014 that denied his motion to amend his complaint and dismissed his complaint "without findings of fact and conclusions of law." In our discretion, we overlook the incorrect date contained in the notice of appeal, but restrict our review to the actions taken by the trial court in its order of 1 May 2014. All other arguments of plaintiff contained in his brief are dismissed, since "we have jurisdiction only to consider the orders from which [plaintiff] has provided proper notice of appeal."Harrington v. Wall,212 N.C.App. 25, 27, 710 S.E.2d 364, 366 (2011) (citing Von Ramm v. Von Ramm,99 N.C.App. 153, 157, 392 S.E.2d 422, 425 (1990) ).
B. N.C.R.App. P. 9(b)(3)
N.C.R.App. P. 9(b)(3) requires that "[e]very pleading, motion, affidavit, or other paper included in the record on appeal shall show the date on which it was filed[.] ... Every judgment, order, or other determination shall show the date on which it was entered. The typed or printed name of the person signing a paper shall be entered immediately below the signature." In this case, the order from which plaintiff appeals does not include the signature of the presiding judge, or filing date, in violation of this rule.
C. Rule 28(b)(3) Statement of the Case
N.C.R.App. P. 28(b)(3) requires that an appellant's brief shall include a "concise statement of the procedural history of the case" that "shall indicate the nature of the case and summarize the course of proceedings up to the taking of the appeal before the court." Under the heading "Statement of the Case," plaintiff states that:
This case gained its birth on the evening of January 24, 2013, at a local Branch of the National Association For The Advancement Of Colored People (Acronym: NAACP) whose national headquarters is stationed in Baltimore, Maryland and where the local NAACP Executive Committee meeting was held in Rowland, Robeson County, North Carolina from which the Plaintiff, the newly elected president, was presiding at that executive committee meeting. The Plaintiff made his first report to the committee pointing out the missing unauthorized funds in excess greater than $9,000.00 which was solely in the hands of Defendant Renea Stackhouse during the years 2009-2012, whom the Plaintiff succeeded as president of the local branch. The local branch executive committee voted to perform an audit upon the financial record of the said branch. During that session, Defendant Renea Stackhouse threatened plaintiff with a lawsuit if he made efforts to carry out a plan to audit the local unit's financial records during her terms as president of the local branch. The Complaint alleges Defendant Renea Stackhouse enjoined with Defendants Patricia McCoy, William Barber, Amina Turner and James Buxton to punish plaintiff in a joint conspiracy by the use of Libelous, Slanderous and Fraudulent means as a method of punishment against Plaintiff. As a result, plaintiff was removed from office as President and subsequent of suspension from holding a membership with the organization. On these grounds, Plaintiff filed his lawsuit.
This is neither a "concise statement of the procedural history of the case" nor a summary of the "proceedings up to the taking of the appeal before the court."
D. Rule 28(b)(4) Grounds for Review
N.C.R.App. P. 28(b)(4) states that an appellant's brief shall contain a "statement of the grounds for appellate review. Such statement shall include citation of the statute or statutes permitting appellate review." Plaintiff has omitted this entirely from his brief.
E. Rule 28(b)(5) Statement of the Facts
N.C.R.App. P. 28(b)(5) provides that an appellant's brief shall include:
A full and complete statement of the facts. This should be a non-argumentative summary of all material facts underlying the matter in controversy which are necessary to understand all issues presented for review, supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits, as the case may be.
Although plaintiff's brief has a section captioned "Statement of Facts," it does not adhere to Rule 28. Plaintiff's statement of "facts" is argumentative, includes allegations that are not included in his original complaint against defendant, and fails to provide citations to record evidence, documents, or transcripts.
F. Dogwood
Although we recognize that plaintiff is appealing pro se,the "Rules of Appellate Procedure are mandatory ... [and] apply to everyone-whether acting pro seor being represented by all of the five largest law firms in the state." Bledsoe v. County of Wilkes,135 N.C.App. 124, 125, 519 S.E.2d 316, 317 (1999) (citation omitted). However, our Supreme Court has stated that "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) (citation omitted). Accordingly, rather than simply dismiss plaintiff's appeal, we will endeavor to persevere and "perform [our] core function of reviewing the merits of the appeal to the extent possible." Dogwood,362 N.C. at 199, 657 S.E.2d at 366.
IV. Hearing Conducted Out of Court
In his first argument, plaintiff contends that the trial court erred when it "disregarded the standard of proper procedure by taking the case out from the court and out of the presence of the court reporter and conducting the hearing by way of emailing to and from the Plaintiff." Plaintiff contends that he was denied "an opportunity to be heard in open court" in violation of his rights under the North Carolina and U.S. Constitutions. Plaintiff has not preserved this issue for appellate review.
On appeal, plaintiff does not identify which hearing he is contending was conducted out of court, and does not cite to transcript pages or documents in the record establishing that either hearing was conducted "by way of email." Assuming, arguendo,that plaintiff is challenging either the trial court's review of the record in chambers prior to conducting the hearing, or the use of email for purposes of circulating a proposed order, plaintiff fails to cite any authority to support his position that either of these practices would be improper, and we know of none.
Plaintiff also fails to cite to evidence that he raised constitutional issues before the trial court, objected to any alleged irregularity in the hearing, or obtained a ruling from the trial court on this issue.[2] N.C.R.App. P. Rule 10(a)(1) provides that "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make" and must have "obtain[ed] a ruling upon the party's request, objection, or motion." In addition, "[a] constitutional issue not raised at trial will generally not be considered for the first time on appeal." Anderson v. Assimos,356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (citations omitted). Plaintiff has failed to preserve this issue for our review, and this argument is dismissed.
V. Dismissal of Plaintiff's Complaint
Plaintiff argues next that the trial court erred by dismissing his complaint pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6). We disagree.
A. Standard of Review
"When ruling on a motion to dismiss pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6), the trial court is required to determine 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' ... 'On appeal of a[ ] motion to dismiss [lodged pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) ], this Court conducts a denovo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.' " Wright v. WakeMed,---N.C.App. ----, ----, 767 S .E.2d 408, 410 (2014) (quoting Harris v. NCNB,85 N.C.App. 669, 670, 355 S.E.2d 838, 840 (1987) ), and Burgin v. Owen,181 N.C.App. 511, 512, 640 S.E.2d 427, 429 (2007) (internal quotation marks and citation omitted)).
B. Discussion
The trial court dismissed plaintiff's complaint on the grounds that the alleged statements by defendant all "relate[d] to matters as to which the Defendant had a qualified privilege as a matter of law." On appeal, plaintiff "argues and contends that his claims meet the standard" and should not have been dismissed. Plaintiff supports this position with a generalized statement of the standard applied to a motion under N.C. Gen.Stat. § 1A-1, Rule 12(b)(6), and with conclusory statements that slander and libel may be the basis of a civil lawsuit when appropriate. However, the basis of the trial court's ruling, qualified privilege, is not mentioned or argued in plaintiff's brief.
"The function of all briefs required or permitted by [the Appellate R]ules is to define clearly the issues presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon.... Issues not presented and discussed in a party's brief are deemed abandoned." N.C.R.App. P. 28(a). " 'It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein.' " Eaton v. Campbell,220 N.C.App. 521, 522, 725 S.E.2d 893, 894 (2012) (quoting Goodson,171 N.C.App. at 606, 615 S.E.2d at 358. Plaintiff has abandoned this issue and we dismiss this argument.
In addition, plaintiff argues that the trial court erred by dismissing his complaint without entering findings of fact. As discussed above, a trial court's ruling on a motion under N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) is a question of law, and does not involve the court's resolution of disputed issues of fact. "[A] trial court cannot make 'findings of fact' conclusive on appeal on a motion to dismiss for failure to state a claim under Rule 12(b)(6).... Resolution of evidentiary conflicts is thus not within the scope of the Rule." White v. White,296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979) (citations and internal quotation omitted).
Plaintiff's argument that the trial court erred by dismissing his complaint pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6) is without merit.
VI. Denial of Motion for Recusal
Plaintiff argues next that the trial court erred "by denying his Motion for the Judge's recusal" based on "Plaintiff's [desire] to have a different judge assigned to hear his Motion to Amend or Alter[.]" The order denying plaintiff's motion for the trial court to recuse itself was not appealed in plaintiff's notice of appeal, is not properly before this Court, and is dismissed.
VII. Denial of Plaintiff's Motion to Amend his Complaint
The trial court denied plaintiff's motion to supplement and amend his complaint on the grounds that "it was filed after Answer of the Defendant was filed; was filed without Leave of the Court; names new Defendants; is prejudicial to the Defendants; is futile; and should not be allowed in the interests of justice." The nature of plaintiff's argument on this issue is not clear from his brief. Moreover, a "trial court's decision to grant or deny a motion to serve supplemental pleadings is reviewable only for abuse of discretion." Brackett v. SGL Carbon Corp.,158 N.C.App. 252, 258, 580 S.E.2d 757, 761 (2003) (citation omitted). Plaintiff does not argue that the trial court abused its discretion. This issue is therefore deemed abandoned and is dismissed, seeN.C.R.App. P. 28(b)(6).
VIII. Conclusion
We have carefully reviewed plaintiff's appellate arguments as best we can and conclude that he has failed to demonstrate that the trial court erred. The trial court's order is
AFFIRMED.
Judges HUNTER, ROBERT N., JR., and DAVIS concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from order entered 1 May 2014 by Judge Mary Ann Tally in Robeson County Superior Court. Heard in the Court of Appeals 3 June 2015.

For instance, plaintiff argues that "[t]he Superior Court erred with predigest in favor of the Defendants" and "[f]or the reasons set forth herein the defendants brought serious damage upon this Appellant in his profession of ministry and a pastor of a congregation. Laceration was brought against Appellant's feelings among his family and community [.]" (PBrf 10, 17)

The record includes a page titled "Plaintiff's motion to this court by electronic to bring the parties back to open court," which plaintiff describes as an email that he sent to the trial court. The allegations in this document are not supported by citation to record evidence and do not establish that any hearing was conducted "out of court." The document does not show an email address and is not accompanied by a filing stamp, sworn affidavit, or any evidence that it was received by the trial court, or that he obtained a ruling on his motion.