**Wealegbay J.G. TAYN, Sr., Plaintiff,**

v.

**Walter KIDDE, Defendant.**

**No. 1:00CV00749.**

United States District Court, M.D. North Carolina.

Oct. 30, 2001.

559

Wealegbay J.G. Tayn, Sr., Burlington, NC, pro se.

Alan Bruce Clarke, Sheri L. Roberson, Ogletree Deakins Nash Smoak & Stewart, P.C., Raleigh, NC, for defendant.

### MEMORANDUM OPINION

OSTEEN, District Judge.

This case is before the court on Defendant's Motion for Summary Judgment. For the reasons set forth below, that motion will be granted in part. The claims not disposed of by summary judgment will be dismissed for failure to exhaust administrative remedies.

### I. Factual Background

Plaintiff Wealegbay J.G. Tayn, Sr. was employed by Defendant Walter Kidde beginning in 1990. His employment was terminated on December 13, 1999. Plaintiff, who is black and originally from Liberia, contends that he was terminated because of his race and national origin. Plaintiff further contends that Defendant denied him promotions because of his age, retaliated against him, and fostered a hostile work environment. Defendant denies any discriminatory conduct and contends that Plaintiff was terminated because of a series of unexcused absences in violation of Defendant's stated policy.

Plaintiff filed his first charge with the EEOC on February 16, 2000, for discrimination based on race and national origin. (Def.'s Br. Supp. Mot. Summ. J. Ex. 10.) The EEOC dismissed the charge and issued Plaintiff a right to sue letter on May 15, 2000. (*Id.* Ex. 11.) Plaintiff filed a second charge with the EEOC on June 29, 2000, for retaliation and discrimination based on age. (*Id.* Ex. 12.) No right to sue letter has been issued for the second charge.

■ Plaintiff, who is appearing pro se, initiated this case on August 15, 2000. The complaint includes allegations based on all of the causes of action listed in both EEOC charges. However, the second EEOC charge was filed more than 180 days after the alleged discriminatory conduct, and no right to sue letter has been issued. Title VII requires charges to be filed with the EEOC within 180 days of the alleged misconduct. 42 U.S.C. § 2000e–5(e) (West 2001). Therefore, the claims of age discrimination and retaliation described in the second EEOC charge will be dismissed for failure to exhaust administrative remedies. *See Sloop v. Memorial Mission Hosp., Inc.,* 198 F.3d 147 (4th Cir.1999), *Edelman v. Lynchburg College,* 228 F.3d 503 (4th Cir.2000). Plaintiff's claims of discrimination based on national origin and race detailed in the first EEOC charge, specifically for discriminatory discharge, discriminatory failure to promote, and racial harassment, are discussed below.[1]

### II. Summary Judgment Standard

Summary judgment is appropriate where an examination of the pleadings, affidavits and other proper discovery ma-

---

1. Both parties' pleadings discuss in detail an incident between Plaintiff and a fellow employee named Charlie Woods. The only relevance of this incident, if any, would be to the retaliation claim. As that claim will be dismissed for failure to exhaust administrative remedies, the incident will not be discussed further in this opinion.

terials before the court indicate that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where the evidence before the court could lead a reasonable juror to find for the nonmovant, a genuine issue of material fact exists and summary judgment is improper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All of the facts must be taken in the light most favorable to the nonmoving party and the burden is on the moving party to establish that no material factual issues exist.

### III. Discussion

Under the *McDonnell Douglas* framework for Title VII discrimination cases, the plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once established, the prima facie case creates an inference of discriminatory action by the defendant, and the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the action. *Id.* If the defendant does set forth a legitimate nondiscriminatory reason, the plaintiff must then be given the opportunity to show that the defendant's stated reason is a mere pretext. *Id.* at 804, 93 S.Ct. at 1824. The plaintiff cannot rest on the allegations in his complaint or on mere assertions that the reason set forth by the defendant is a pretext, but rather must provide evidence that the defendant's proffered reason masks the defendant's discriminatory behavior. *See Moore v. J.P. Stevens & Co.*, 957 F.Supp. 82, 85 (D.S.C. 1997).

 We begin by discussing Plaintiff's charge of discriminatory failure to promote. To establish a prima facie failure to promote case, Plaintiff must prove that (1) he is a member of a protected group, (2) that he applied for the position in question, (3) that he was qualified for the position, and (4) that he was rejected for the position under circumstances that give rise to "an inference of unlawful discrimination." *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir.1994) (quoting *McNairn v. Sullivan*, 929 F.2d 974, 977 (4th Cir.1991)). Plaintiff points to the promotion of several others during his tenure with Defendant as evidence that he was denied a promotion because of his race and national origin.

Initially, Defendant argues that all but one of the promotions Plaintiff complains of are time barred because they occurred more than 180 days prior to the charge being filed with the EEOC; however, even if the court assumes that all of the charges are timely, Plaintiff has failed to show that he was qualified for the position. Rather, the evidence shows that Plaintiff was not qualified for a supervisory position. Plaintiff exceeded the allowable amount of unexcused absences (Def.'s Br. Supp. Mot. Summ. J. Ex. 3 at 4, Ex. 4 at 2); Plaintiff ignored his supervisors and refused to perform the tasks assigned to him if they were not to his liking (*id.* Ex. 1 at 1–2, Ex. 3 at 4); Plaintiff expressed open contempt for supervisors whom he thought were less qualified than he was (*id.* Ex. 4 at 2, Tayn Dep. Ex. D); Plaintiff's supervisors were all of the opinion that he did not possess the necessary skills to be effective in a supervisory position (Def.'s Br. Supp. Mot. Summ. J. Ex. 1 at 4, Ex. 2 at 1, Ex. 3 at 7, Ex. 4 at 4, Ex. 6 at 2); when Plaintiff was offered more responsibility as a precursor to a possible promotion, he turned it down because it was not to his liking (*id.* Ex. 1 at 2); finally, the evidence shows that when offered a promotion, Plaintiff turned it down, claiming he was insulted by the offer. (*Id.* Ex. 2 at 1, Ex. 6 at 2.)

The only evidence that Plaintiff provides for the assertion that he was qualified for a promotion is his obtaining a supervision certificate from Alamance Community College. Plaintiff is to be commended for his accomplishment, but this fact alone does not qualify him for a supervisory position and does not cure his deficient job performance. Therefore, since Plaintiff was not qualified for a supervisory position, Plaintiff has failed to make a prima facie case, and his claim for discriminatory failure to promote must fail.

■ Next, we discuss Plaintiff's claim that he was subjected to a hostile work environment. To maintain this claim, Plaintiff must show (1) that he is a member of a protected class, (2) that he was treated differently than others not in the protected class, and (3) that the employer had knowledge of the hostile environment. *See Carter v. Ball*, 33 F.3d at 460–61; *White v. Federal Express Corp.*, 939 F.2d 157, 160 (4th Cir.1991). The hostile work environment must be so severe or pervasive that it creates an abusive atmosphere. *Carter*, 33 F.3d at 461. It cannot be based on trivial or isolated acts. *Id.*

In support of this claim, Plaintiff has compiled a list of allegations. The list contains five different instances of employee misconduct and Defendant's alleged response. However, Plaintiff has failed to provide evidence in support of the list. In addition, even if the court were to accept all of the allegations as true, they do not show discriminatory behavior by Defendant, much less evidence of an abusive atmosphere. As Plaintiff has failed to produce any evidence in support of his hostile work environment claim, the claim must fail.

■ Finally, we turn to Plaintiff's claim that he was terminated because of his race. To prove a prima facie discriminatory discharge case, Plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for and performed the job satisfactorily, (3) he was nevertheless discharged, and (4) after he was discharged the position remained open for similarly situated applicants. *Carter*, 33 F.3d at 458–59. Here, Plaintiff cannot establish that he performed his job satisfactorily. As previously discussed, the evidence is rife with examples of Plaintiff being uncooperative and unwilling to do his assigned tasks or to respect those with supervisory authority.

■ Further, even if we were to accept that Plaintiff established a prima facie case, he offers no evidence to show that the reason Defendant gave for firing him was a pretext. Defendant's proffered reason for terminating Plaintiff's employment was Plaintiff's violation of Defendant's policy regarding unexcused absences. Defendant provided copies of Plaintiff's time cards showing that he had enough unexcused absences to warrant his dismissal according to Defendant's stated rules. (Tayn Dep. Exs. B, C.) Plaintiff offers no evidence to rebut these facts. Therefore, Plaintiff's claim for racially motivated discharge must also fail.

IV. Conclusion

For the reasons set forth herein, Defendant's Motion for Summary Judgment will be granted as to Plaintiff's claims for discrimination based on race and national origin. Plaintiff's claims for age discrimination and retaliation will be dismissed for failure to exhaust administrative remedies. Plaintiff's remaining outstanding motions will be dismissed as moot.

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.