BARBARA PAQUETTE, Plaintiff v. COUNTY OF DURHAM, and DALE GADDIS and PRISCILLA LEWIS and BRENDA WATSON, Defendants

No. COA02-59

(Filed 31 December 2002)

**1. Appeal and Error—appealability—denial of judgment on pleadings—sovereign immunity**

Although an order denying defendants' motion for judgment on the pleadings is an appeal from an interlocutory order, appeals raising issues of governmental or sovereign immunity affect a substantial right warranting immediate appellate review.

**2. Employer and Employee—wrongful discharge—motion to dismiss—sovereign immunity**

The trial court did not err by dismissing plaintiff's claim for wrongful discharge against defendant county on the basis of sovereign immunity, because: (1) plaintiff's complaint does not allege defendants waived their sovereign immunity, and our Court of Appeals has consistently disallowed claims based on tort against governmental entities when the complaint failed to allege a waiver of immunity; and (2) a claim for wrongful discharge in violation of public policy is a tort claim.

**3. Employer and Employee—employment discrimination— Title VII—exhaustion of administrative remedies**

Plaintiff's claim under 42 U.S.C. 2000e-2 for a violation of Title VII prohibiting employment discrimination on the basis of

race, color, religion, sex, or national origin is remanded to the trial court for a determination as to whether administrative remedies were exhausted at the time of the hearing such that plaintiff would have been afforded an opportunity to amend her complaint if necessary.

**4. Employer and Employee—claim for unpaid wages—sovereign immunity inapplicable**

The trial court erred by dismissing plaintiff's claim for unpaid wages on the basis of sovereign immunity, because the claim is not subject to sovereign immunity or any of the other defenses set forth by defendants and cited in the trial court's order.

**5. Immunity—sovereign—wrongful termination—suit in official capacity**

The trial court did not err by dismissing under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's wrongful termination claims, because: (1) plaintiff did not state whether she was suing defendants in their official or individual capacities; (2) in the absence of a clear statement of defendant's capacity, a plaintiff is deemed to have sued a defendant in his official capacity; and (3) a defendant sued in his official capacity is afforded the same protections as the governmental entity with which he is associated.

Appeal by defendant from order entered 10 October 2001 by Judge Henry V. Barnette, Jr. in Durham County Superior Court. Heard in the Court of Appeals 28 October 2002.

*Law Office of Daniel F. Read, by Daniel F. Read and Maria J. Mangano, for plaintiff-appellant.*

*Office of the County Attorney, by Lowell L. Siler, Deputy County Attorney, for defendant-appellees.*

THOMAS, Judge.

Plaintiff, Barbara Paquette, appeals from the trial court's order dismissing her claims for wrongful discharge, violation of Title VII, and unpaid wages.

The dismissal was based on lack of subject matter jurisdiction under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, lack of jurisdiction over the person under Rule 12(b)(2), and failure to state a claim upon which relief can be granted under

Rule 12(b)(6). For the reasons herein, we affirm in part and reverse and remand in part.

Defendants are the County of Durham and three of its employees, Dale Gaddis, Priscilla Lewis, and Brenda Watson. From July 1997 until mid-March 1998, plaintiff worked for the County of Durham as a children's librarian/assistant branch librarian at the Standford Warren branch of the county library system. During a transition period between branch managers, plaintiff also performed the duties of that position. Plaintiff primarily worked under the direct supervision of Lewis, although Gaddis serves as Director of the Library for the County of Durham. In February 1998, Watson was hired as branch librarian and plaintiff returned to her primary duty as children's librarian. Plaintiff and Gaddis are Caucasian; both Lewis and Watson are African-Americans.

Plaintiff's work was never formally evaluated or reviewed by defendants. On or about 19 March 1998, Lewis and Watson notified plaintiff that her probationary employment was being terminated because of a "continuing pattern of inappropriate interpersonal interactions with co-workers and supervisors."

Plaintiff alleges defendants were "substantially motivated in terminating [her] by her ethnicity, which is Caucasian." She claims Lewis "treated her with disdain and consistently preferred dealing directly with plaintiff's fellow Afro-American workers who were in fact plaintiff's subordinates." Plaintiff further alleged that when she was the acting branch manager, she did not receive a commensurate increase in pay. She also stated she worked overtime without being compensated.

The trial court concluded plaintiff was a probationary employee and did not have a contractual right to continued employment. It also determined "the claims against the individual defendants would be the same as the claims against the Defendant Durham County since their actions would be those of agents of the Defendant, Durham County." The trial court then dismissed the complaint, stating:

This Court . . . finds that the doctrine of sovereign immunity applies; the Plaintiff has failed to state a claim upon which relief can be granted as appears on the face of the Complaint; that this matter should be dismissed pursuant to Rule [sic] 12(b)(1)(2) and (6) of the North Carolina Rules of Civil Procedure; and that the Defendant is entitled to judgment as a matter of law.

PAQUETTE v. COUNTY OF DURHAM

[155 N.C. App. 415 (2002)]

Plaintiff appeals. By three assignments of error, she contends the trial court erred in dismissing the complaint because her claims for: (1) wrongful discharge in violation of public policy; (2) wrongful termination on account of race; and (3) unpaid back wages, were not barred by the doctrine of sovereign immunity.

[1] We note that an appeal of an order denying defendants' motion for judgment on the pleadings is an interlocutory appeal. However, "while, as a general rule, such orders are not immediately appealable, this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999) (citations omitted). Accordingly, plaintiff's appeal is properly before this Court.

[2] Sovereign immunity ordinarily grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from law suits. *Messick v. Catawba County, N.C.*, 110 N.C. App. 707, 717, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). The rule of sovereign immunity applies when the governmental entity is being sued for the performance of a governmental, rather than proprietary, function. *Id.* A county may waive its sovereign immunity by purchasing liability insurance pursuant to N.C. Gen. Stat. § 153A-435(a) (2001). In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity. *Clark v. Burke County*, 117 N.C. App. 85, 88, 450 S.E.2d 747, 748 (1994). Absent such an allegation, the complaint fails to state a cause of action. *Warren v. Guilford County*, 129 N.C. App. 836, 838, 500 S.E.2d 470, 472, *rev. denied*, 349 N.C. 241, 516 S.E.2d 610 (1998).

Plaintiff's complaint does not allege defendants waived their sovereign immunity. This Court has consistently disallowed claims based on tort against governmental entities when the complaint failed to allege a waiver of immunity. *See Archer v. Rockingham County*, 144 N.C. App. 550, 548 S.E.2d 788 (2001), *rev. denied*, 355 N.C. 210, 559 S.E.2d 796 (2002); *Ingram v. Kerr*, 120 N.C. App. 493, 462 S.E.2d 698 (1995); *Morrison-Tiffin v. Hampton*, 117 N.C. App. 494, 451 S.E.2d 650, *dismissal all'd, rev. denied*, 339 N.C. 739, 454 S.E.2d 654 (1995); *Mullins by Mullins v. Friend*, 116 N.C. App. 676, 449 S.E.2d 227 (1994). A claim for wrongful discharge in violation of public policy is a tort claim. *See Trexler v. Norfolk Southern R. Co.*, 145 N.C. App. 466, 550 S.E.2d 540 (2001); *Sides v. Duke Univ.*, 74 N.C. App. 331, 328

S.E.2d 818, *disc. review denied*, 314 N.C. 331, 333 S.E.2d 490 (1985). Accordingly, the trial court did not err in dismissing plaintiff's claims for wrongful discharge against the County of Durham on the basis of sovereign immunity. *See Reid v. Town of Madison*, 137 N.C. App. 168, 527 S.E.2d 87 (2000).

[3] Although grounded in tort, a claim for violation of Title VII is not subject to the defense of sovereign immunity. *See Bristow v. Drake Street, Inc.*, 41 F.3d 345 (7th Cir. (Ill.), 1994) (Title VII claim is akin to a tort claim). In *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276, *reh'g denied*, 331 N.C. 558, 418 S.E.2d 664, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992), our Supreme Court held that sovereign immunity cannot bar liability in federal civil rights actions filed in state courts.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2 (2001). In order to have a viable claim under Title VII, a plaintiff must exhaust available administrative remedies, file a claim with the Equal Employment Opportunity Commission (EEOC) in a timely fashion, obtain a right to sue letter from the EEOC, and bring suit within 90 days of the letter. 42 U.S.C. §§ 2000e-2; 2000e-5; 2000e-5(f)(1) (2001). Here, the record contains no such letter from the EEOC. The claim should be dismissed for lack of subject matter jurisdiction if administrative remedies have not been exhausted. *See Tayn v. Kidde*, 178 F.Supp.2d 557 (M.D.N.C. 2001), *aff'd*, 28 Fed.Appx. 337 (4th Cir. (N.C.), 2002) (unpublished); *Edelman v. Lynchburg College*, 228 F.3d 503 (4th Cir. 2000); *Shell Island Homeowners Ass'n, Inc. v. Tomlinson*, 134 N.C. App. 217, 517 S.E.2d 406 (1999). Plaintiff's complaint stated:

> County discriminated against, and then wrongfully terminated, Plaintiff in violation of the provisions of Chapter 42, United States Code, namely Title VII. At such time as Plaintiff has exhausted the administrative remedies provided under the statutes, Plaintiff is entitled to the remedies provided under the statute, including reinstatement or front pay, back pay, and attorney fees.

It is unclear whether the remedies were exhausted. Therefore, we remand this issue to the trial court for a determination as to whether administrative remedies were exhausted at the time of the hearing such that plaintiff would have been afforded an opportunity to amend her complaint, if necessary. *See Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3rd Cir. (N.J.), 1984).

Sovereign immunity is not a valid defense where the governmental entity entered into a valid contract with the plaintiff. *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976). "[W]henever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Id.*

[4] Plaintiff's claim for unpaid wages is contractual, rather than tortious, in nature. *See Archer v. Rockingham County*, 144 N.C. App. 550, 548 S.E.2d 788 (2001) (citations omitted). The relationship of employer and employee is essentially contractual in its nature, and should be determined by the rules governing the establishment of contracts, express or implied. *Hollowell v. North Carolina Department of Conservation and Development*, 206 N.C. 206, 208, 173 S.E. 603, 604 (1934). Since 1976, sovereign immunity has not been recognized as a defense to contract claims. *Herring ex rel. Marshall v. Winston Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 529 S.E.2d 458, *disc. review denied*, 352 N.C. 673, 545 S.E.2d 423 (2000). Therefore, the trial court erred in dismissing plaintiff's claim for unpaid wages, as the claim is not subject to sovereign immunity or any of the other defenses set forth by defendants and cited in the trial court's order.

[5] As to the other defendants, plaintiff did not state whether she was suing Gaddis, Watson and Lewis in their official or individual capacities. The distinction is important because in a suit against a public employee in his official capacity, the law entitles the employee to the same sovereign immunity protection as enjoyed by the governmental entity. *Warren v. Guilford County*, 129 N.C. App. 836, 838, 500 S.E.2d 470, 472, *disc. review denied*, 349 N.C. 241, 516 S.E.2d 610 (1998).

Our Supreme Court has stated that "a pleading should clearly state the capacity in which the defendant is being sued." *Mullis v. Sechrest*, 347 N.C. 548, 554, 495 S.E.2d 721, 724 (1998). This is because the statement of capacity in the caption, the allegations, and the prayer for relief allow defendants to have an opportunity to prepare for a proper defense and eliminate the unnecessary litigation that arises when parties fail to specify the capacity. *Id.*

In the absence of a clear statement of defendant's capacity, a plaintiff is deemed to have sued a defendant in his official capacity. *Id.*; *Warren v. Guilford County*, 129 N.C. App. 836, 838, 500 S.E.2d 470, 472, *disc. review denied*, 349 N.C. 379, 516 S.E.2d 610 (1998);

*Johnson v. York,* 134 N.C. App. 332, 517 S.E.2d 670 (1999). As afore-mentioned, a defendant sued in his official capacity is afforded the same protections as the governmental entity with which he is associated. *See Mullins,* 116 N.C. App. at 680-81, 449 S.E.2d at 230.

Plaintiff has thus failed to state a claim against Gaddis, Watson and Lewis in their official capacities. The trial court correctly based its dismissal of plaintiff's wrongful termination claims on Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Nonetheless, there needs to be a determination as to whether plaintiff had exhausted her administrative remedies under Title VII. Further, her claim for unpaid wages is not subject to the defense of sovereign immunity. We thus remand these issues to the trial court for proceedings consistent with this opinion. We affirm the trial court's dismissal of plaintiff's tort claim.

REVERSED AND REMANDED IN PART; AFFIRMED IN PART.

Chief Judge EAGLES and Judge TYSON concur.