TYSON, Judge.
 

 Jessica Lowe ("plaintiff") appeals after the trial court granted the City of Durham's ("the City") motion for summary judgment. We affirm.
 

 I. Background
 

 On 17 July 1999 at approximately 8:00 p.m., plaintiff and her three-year-old daughter Jalicia Davis ("Jalicia") exited a vehicle parked on Morning Glory Avenue, a public street owned and maintained by the City. Jalicia observed other children on theplayground across the street and walked into the street towards the playground ahead of plaintiff. As Jalicia crossed the street, she was struck by a motor vehicle owned by Hassan Raheem Olivio and driven by Mica Jermaine Baldwin ("Baldwin"). Baldwin was driving under the influence of an impairing substance when the incident occurred.
 

 Jalica was thrown ninety-two feet by the impact, rendered unconscious, and taken by ambulance to Duke University Medical Center. As a result of the incident, Jalicia suffered severe injuries to her head and pelvic area, for which she received and continues to receive extensive therapy.
 

 Plaintiff filed an action alleging that the City's negligence, i.e., its failure to install crosswalks, speed humps, or other devices warning approaching drivers of the presence of small children, resulted in Jalicia's injuries. The complaint failed to allege that the City waived governmental immunity by purchasing insurance. The City denied plaintiff's allegations, asserted the defense of governmental immunity, and moved for summary judgment. The trial court granted the City's motion. Plaintiff appeals.
 

 II. Issues
 

 The sole issue presented is whether the trial court erred in granting summary judgment for the City based on governmental immunity.
 

 III. Governmental Immunity
 

 Plaintiff contends the City was not entitled to summary judgment on plaintiff's negligence claims. We disagree.
 

 Summary judgment is the appropriate remedy when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). "The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense."
 
 Dawes v. Nash County,
 

 357 N.C. 442
 
 , 445,
 
 584 S.E.2d 760
 
 , 762,
 
 reh'g denied,
 

 357 N.C. 511
 
 ,
 
 587 S.E.2d 417
 
 (2003) (quoting
 
 Dobson v. Harris,
 

 352 N.C. 77
 
 , 83,
 
 530 S.E.2d 829
 
 , 835 (2000)). "Sovereign immunity stands for the proposition that the `the State cannot be sued except with its consent or upon its waiver of immunity.'"
 
 Dawes,
 

 357 N.C. at 445
 
 ,
 
 584 S.E.2d at 762
 
 (quoting
 
 Paul L. Whitfield, P.A. v. Gilchrist,
 

 348 N.C. 39
 
 , 42,
 
 497 S.E.2d 412
 
 , 414 (1998)).
 

 "Sovereign immunity ordinarily grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from law suits. The rule of sovereign immunity applies when the governmental entity is being sued for the performance of a governmental, rather than proprietary, function."
 
 Paquette v. County of Durham,
 

 155 N.C. App. 415
 
 , 418,
 
 573 S.E.2d 715
 
 , 717 (2002),
 
 disc. rev. denied,
 

 357 N.C. 165
 
 ,
 
 580 S.E.2d 695
 
 (2003) (citing
 
 Messick v. Catawba County, N.C.,
 

 110 N.C. App. 707
 
 , 717,
 
 431 S.E.2d 489
 
 , 493,
 
 disc. rev. denied,
 

 334 N.C. 621
 
 ,
 
 435 S.E.2d 336
 
 (1993)). Governmentalfunctions "are those historically performed by the government, and which are not ordinarily engaged in by private corporations."
 
 Sides v. Cabarrus Memorial Hospital, Inc.,
 

 287 N.C. 14
 
 , 23,
 
 213 S.E.2d 297
 
 , 303 (1975). "[A]n analysis of the various activities that this Court has held to be proprietary in nature reveals that they involved a
 
 monetary charge
 
 of some type."
 
 Id.
 
 at 22,
 
 213 S.E.2d at 302
 
 .
 

 A city is authorized to create ordinances that "prohibit, regulate, divert, control, and limit pedestrian or vehicular traffic upon the public streets, sidewalks, alleys, and bridges of the city." N.C. Gen. Stat. § 160A-300 (2003). Sovereign immunity applies to claims regarding this statute, as the exercise of this authority is a governmental function.
 
 Estate of Jiggetts v. City of Gastonia,
 

 128 N.C. App. 410
 
 , 414-15,
 
 497 S.E.2d 287
 
 , 290-91 (1998).
 

 The fact that a city has the authority to make certain decisions, however does not mean that the city is under an obligation to do so. The words "authority" and "power" are not synonymous with the word "duty." . . . There is no mandate of action. Courts will not interfere with discretionary powers conferred on a municipality for the public welfare unless the exercise (or non-exercise) of those powers is so clearly unreasonable as to constitute an abuse of discretion.
 

 Id.
 

 at 414
 
 ,
 
 497 S.E.2d at 290-91
 
 (internal citations and quotations omitted).
 

 "This Court has consistently disallowed claims based on tort against governmental entities when the complaint failed to allege a waiver of immunity."
 
 Paquette,
 

 155 N.C. App. at 418
 
 , 573 S.E.2dat 717. Plaintiff's complaint fails to state or allege that the City waived governmental immunity. Without such allegation, plaintiff's complaint fails to state a cause of action.
 
 See
 
 id.
 

 ("In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity.");
 
 see also Oakwood Acceptance Corp., LLC v. Massengill,
 
 ___ N.C. App. ___, ___,
 
 590 S.E.2d 412
 
 , 422 (2004) ("Since the complaint in this case does not include any allegations that the County has purchased liability insurance or otherwise waived its immunity, the trial court properly dismissed the negligence claim against the County."). This assignment of error is overruled.
 

 IV. Conclusion
 

 Plaintiff's complaint fails to state a cause of action against the City. The trial court did not err in granting summary judgment. The trial court's judgment is affirmed.
 

 Affirmed.
 

 Judges BRYANT and STEELMAN concur.
 

 Report per Rule 30(e).