Lynda COLLINS, Plaintiff,

v.

FRANKLIN COUNTY, Angela Harris, in her individual and official capacity as Franklin County Manager, Nicki Griffin, in her individual and official capacity as Director of Franklin County Department of Social Services, and Penny McGhee–Young, in her individual and official capacity as Chairwoman of the Franklin County Board of Commissioners, Defendants.

No. 5:10–CV–147–BO.

United States District Court,
E.D. North Carolina,
Western Division.

May 4, 2012.

Laura E. Conner, Robert Marion Tatum, Tatum & Atkinson, PLLC, Raleigh, NC, for Plaintiff.

Mary Nell Craven, Womble Carlyle Sandridge & Rice, PLLC, Winston–Salem, NC, for Defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss [DE 22] and Motion for Summary Judgment [DE 24]. Plaintiff has responded [DE 27 & 28] and the matters are ripe for ruling. For the reasons discussed below, Defendants' Motion to Dismiss is granted in part and denied in part and Defendants' Motion for Summary Judgment is denied without prejudice.

## BACKGROUND

Plaintiff Collins is a former income maintenance worker at the Franklin County Department of Social Services (DSS). In 2002, while employed by DSS, Collins was diagnosed with multiple sclerosis. Collins' supervisors, Defendant Griffin and Pamela Cooper, were aware of Collins' condition. In 2005, Collins was moved to the food stamps unit of DSS. Collins began to have difficulty completing her work assignments, and started receiving write-ups in late 2007 and early 2008 due to paperwork errors and missing files. Collins requested that her job duties change to reduce her stress, which exacerbated her multiple sclerosis. Her supervisors agreed, and Collins was transferred from the review section to the intake section of the food stamps unit. Collins contends she was inadequately trained and had difficulty completing tasks due to memory and concentration symptoms. In April 2008 Collins received a second written warning from Defendant Griffin for documentation errors. On June 16, 2008, Collins participated in a pre-dismissal conference and was allegedly given thirty days to improve her performance or be terminated. During the conference Collins explained to Defendant Griffin that her multiple sclerosis was worsening, and Defendant Griffin requested documentation from Collins' treating physician. Collins was again moved to a new position for this trial period. Collins alleges that while the new position should have been easier to perform, she was only person in that position, which was normally staffed by several people, and that as a result her stress level increased and she continued to have problems performing required tasks.

Three days following Collins' start of the new position on June 23, 2008, another pre-dismissal conference was held. Collins met with her physician the morning of June 27, 2008, who provided her with the completed forms requested by Defendant Griffin and informed Collins that her condition had worsened and that she needed to begin new treatments immediately that would require her to be out of work for a month. While Collins was at her doctor's office, Defendants terminated Collins and mailed Collins a termination letter.

Collins filed this action in Franklin County Superior Court alleging discrimination due to disability and age, violations of the Family Medical Leave Act (FMLA), intentional and negligent infliction of emo-

tional distress, negligent supervision and retention, and wrongful discharge in violation of North Carolina public policy. Defendants removed the action to this Court on April 16, 2010, and answered the complaint on April 22, 2010. Defendants have now moved to dismiss Collins' claims pursuant to Rules 12(b)(1) and (6) and the Federal Rules of Civil Procedure. Defendants have also moved for summary judgment as to Collins' claims. The Court will address each motion in turn.

## DISCUSSION

### Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647–50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558–59 (9th Cir.1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Facial plausibility means that the facts plead "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

### I. *ADA claim*

■ Defendant seeks dismissal of Collins' disability discrimination claim under Rule 12(b)(1) for failure to exhaust. Where state law provides state and local remedies for alleged discrimination, complainants are required to initiate state proceedings before resorting to federal law. *See Davis v. N.C Dept. of Corr.,* 48 F.3d 134, 137 (4th Cir.1995) (citing 42 U.S.C. § 2000e–5(b)); N.C. Gen.Stat. § 168A (North Carolina Persons with Disabilities Protection Act or NCPDPA). The purpose for this delay is to "give state agencies a prior opportunity to consider discrimination complaints." *Love v. Pullman Co.,* 404 U.S. 522, 526, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In states that have deferral agencies (deferral states), a worksharing agreement between the Equal Opportunity Employment Commission (EEOC) and the deferral agency may be "established [to] streamline[ ] procedures between the two agencies for managing claims." *Puryear v. Cnty. of Roa-*

*noke,* 214 F.3d 514, 518 (4th Cir.2000). North Carolina has such a worksharing agreement, and has designated the North Carolina Office of Administrative Hearings (OAH) as the deferral agency for discrimination claims. N.C. Gen.Stat. § 7A–759.

North Carolina's worksharing agreement states in pertinent part that a deferred charge may be filed with either the EEOC or the OAH and that the date a deferred charge is filed with either agency is the date of commencement of proceedings under state law. N.C. Gen.Stat. § 7A–759(b1). A deferred charge is a charge filed by a state or local government employee that alleges unlawful employment practice prohibited under Chapter 126 of the North Carolina General Statutes or any other state law. *Id.* If an original charge of discrimination is filed by a state employee first with the EEOC instead of with the OAH, the EEOC will forward a copy of the charge to the OAH for preliminary investigation. *Davis,* 48 F.3d at 137. The OAH will then have sixty days to investigate the charge. 42 U.S.C. § 2000e–5(c). At the expiration of the earlier of sixty days or the termination of the state proceedings, the EEOC will then automatically assume concurrent jurisdiction over the charge. *Davis,* 48 F.3d at 137.

■ As an employee of Franklin County DSS, Collins was a state employee. N.C. Gen.Stat. § 126–5(a). Collins' charge al-leges discrimination based on disability, an unlawful employment practice under both state and federal law, and is accordingly a deferred charge.[1] Collins filed her charge of discrimination on December 3, 2008, which states on its face that it is addressed to both the NC Office of Administrative Hearings and the EEOC; Collins' charge of discrimination was therefore commenced under state law on that same date.

It appears that neither the EEOC nor Collins forwarded the claim to the OAH, though the Court notes that the EEOC had the authority to "retain the charge in 'suspended animation' during the state agency's period of exclusive jurisdiction, and upon termination of the state agency's proceedings, the 'suspended' charge [was] deemed filed with the EEOC." *Puryear,* 214 F.3d at 518.[2] Collins right-to-sue letter was issued by the EEOC on December 7, 2009—well-more than sixty days after the filing of her charge. However, because it appears that the OAH was not notified of Collins' charge, and therefore did not have an opportunity to review her claim and act on it, the Court will toll Collins' state filing requirement and stay this action to allow the OAH to consider Collins' claim.

■ A timely charge of discrimination filed with the EEOC is not a jurisdictional prerequisite to suit in federal court, and,

---

**1.** As most EEOC charges are filed without the assistance of counsel, courts should construe them liberally. *Chacko v. Patuxent Inst.,* 429 F.3d 505, 509 (4th Cir.2005). While Collins did not cite specifically to relevant portions of state law, her charge clearly contemplates a violation of the NCPDPA. Upon receipt, the EEOC should have forwarded Collins' documents to the OAH. *See* 29 C.F.R. § 1601.13. Additionally, as in *Puryear,* while Collins did not raise state law claims in her EEOC charge, she did not disavow them either. *Puryear,* 214 F.3d at 519; *see also Westry v. N.C. A & T State Univ.,* No. Civ. 1:01CV1129, 2002 WL 31769774 *2 (M.D.N.C. September 9, 2002).

**2.** Defendants correctly note that the Virginia workshare agreement at issue in *Puryear* contained an express waiver of jurisdiction by the state administrative agency upon the filing of an EEOC charge. *See Puryear,* 214 F.3d at 518. The Court notes that a plain reading of the North Carolina worksharing agreement does not reveal an express waiver of jurisdiction, nor is the Court aware of any case that suggests as much. Therefore, Collins' claim must be considered by the OAH in order to be exhausted before proceeding in this Court.

accordingly, is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In a case where "a clear violation" of the EEOC's requirement to refer a complaint to the appropriate state agency for exhaustion occurs, such inaction "might warrant the finding of a tolling effect." *Citicorp Person–to–Person Fin. Corp. v. Brazell,* 658 F.2d 232, 234 (4th Cir.1981). Collins filed her charge of disability discrimination addressed to both the OAH and the EEOC, commencing her action under state law. The EEOC went on to consider her claim, presumably after the sixty-day delay, and issued a right-to-sue letter. Because of Collins' attempt to comply and the EEOC's apparent failure to forward her complaint to the OAH, the Court finds that equitable tolling is appropriate in this instance. The Court notes that statutes aimed at redressing employment discrimination based on disability are remedial in nature, and the EEOC's neglect of its duty should not serve to foreclose otherwise justiciable claims. Accordingly, in order to ensure no doubt lingers as to whether Collins has exhausted her disability discrimination claim, the Court grants Collins' ten days from the date of entry of this order to commence a proceeding with the OAH so that it might consider her disability discrimination claim. *See Westry v. N.C. A & T State Univ.,* No. Civ. 1:01CV1129, 2002 WL 1602451 *3 (M.D.N.C. June 10, 2002).

## II. *ADEA claim*

■ Collins also alleges age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent … lawsuit." *Evans v. Techs. Application &*

*Svc. Co.,* 80 F.3d 954, 963 (4th Cir.1996). Failure to exhaust administrative remedies by filing an EEOC charge serves to deprive the federal courts of subject matter jurisdiction over such claims. *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (2009).

■ Collins' EEOC charge does not state age as a basis for her employer's discrimination and nothing in Collins' charge would put Defendants on notice that Collins would allege age discrimination. Further, Collins does not argue that her ADEA claim is within the scope of her EEOC charge in her response to Defendants' motion; Defendants' Motion to Dismiss Collins' ADEA claim is therefore granted and Collins' ADEA claim is dismissed.

## III. *Reasonable Accommodation claim*

■ Defendants also seek a dismissal of Collins' claim for refusal to offer a reasonable accommodation as outside the scope of her EEOC charge. As noted above, only those claims stated in the charge, in addition to those reasonably related and those developed by reasonable investigation may be maintained in a subsequent civil action. Collins' EEOC charge discusses her unsatisfactory job performance and resulting warnings and demotions, and that she believed she was discriminated against due to her disability. Construing Collins' disability discrimination claim liberally, the Court finds that the facts supporting her claim for failure to reasonably accommodate would be discovered upon reasonable investigation of her termination claim. *Chacko v. Patuxent Inst.,* 429 F.3d 505, 509 (4th Cir.2005) (holding that "factual allegations in the administrative charge [that] are reasonably related to the factual allegations in the formal litigation" are sufficiently connected to support the uncharged claim in subsequent civil litiga-

tion). Collins' reasonable accommodation claim is therefore within the scope of her EEOC charge and should not be dismissed.

## IV. *State Law Tort and Negligence Claims*

 Defendants further contend that Collins has failed to allege a waiver of sovereign immunity with regard to her state law tort claims of intentional and negligence infliction of emotional distress, negligent supervision, and wrongful discharge in violation of North Carolina public policy. Sovereign immunity is a defense established to protect a state and its officials and agents from suit, and a failure to allege waiver of sovereign immunity against a government entity for tort does not state a claim and should be dismissed. *Vest v. Easley*, 145 N.C.App. 70, 74, 549 S.E.2d 568 (2001); *Gunter v. Anders*, 115 N.C.App. 331, 444 S.E.2d 685 (1994). A claim for wrongful discharge in violation of North Carolina public policy also lies in tort and is subject to a defense of sovereign immunity if alleged against a governmental entity. *Paquette v. Cnty of Durham*, 155 N.C.App. 415, 418–19, 573 S.E.2d 715 (2002). Collins has failed to allege a waiver of sovereign immunity with regard to her tort claims. As the North Carolina courts have "consistently disallowed claims based on tort against governmental entities when the complaint fails to allege a waiver of immunity," *Paquette*, 155 N.C.App. at 418, 573 S.E.2d 715, Collins' state law tort and negligence claims against Defendants must be dismissed.

## V. *Claims against individual defendants*

Defendants contend that all claims against Defendants other that Defendant Griffin in her official capacity should be dismissed for failure to state a claim under Rule 12(b)(6). Collins does not argue in her opposition to Defendants' motion that she has sufficiently alleged claims for relief as to Defendants Harris and McGhee–Young; Collins only responds that she has alleged sufficient facts to support a claim against Defendant Griffin in both her official and individual capacity. Indeed, a review of the complaint reveals no mention of any individual defendant other than Defendant Griffin by name, nor does it state any allegation as to why the other individual defendants are the subject of suit. Accordingly, the Court finds no basis to support a contention that Collins has sufficiently plead claims against Defendants Harris and McGhee–Young in either their individual or official capacities, and those defendants are hereby dismissed.

 The Court further grants Defendants' request to dismiss Collins' claims against Defendant Griffin in her individual capacity. Though Collins is correct to note that a public official may be liable in her individual capacity in tort if a plaintiff offers evidence sufficient to "pierce the cloak of official immunity," *Moore v. Evans*, 124 N.C.App. 35, 41, 476 S.E.2d 415 (1996), as discussed above, those claims have been dismissed in light of Collins' failure to allege any waiver of sovereign immunity. Accordingly, Collins may proceed in this suit against Defendant Griffin in her official capacity only.

## VI. *FMLA*

 Defendants also seek dismissal of Collins' FMLA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Collins' complaint makes only bare allegations and draws legal conclusions that are insufficient to allege a plausible claim for relief. The FMLA entitles employees to take "reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(2). The FMLA contemplates protection from discrimination for employees who exercise their rights under the

FMLA. 29 U.S.C. § 2615(a)(2); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir.1998). Specifically, "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." 29 C.F.R. § 825.220(c). In order to make a prima facie case of discrimination under the FMLA, an employee must show: (1) that she availed herself of a protected right under the FMLA; (2) that she was adversely affected by an employment decision; and (3) that there is a causal connection between the protected activity and the adverse employment action. *Hodgens*, 144 F.3d at 161.

 Although Collins alleges in her complaint that she suffered adverse employment action—termination—and that Defendants failed to afford her protection under the FMLA, Collins does not allege that she availed herself of a protected right under the FMLA. Nor does Collins' complaint make any allegations with regard to the causal connection between any FMLA rights and her termination. Further, Collins fails to identify the provision of the FMLA under which she is seeking relief. *See Keene v. Thompson*, 232 F.Supp.2d 574, 584 (M.D.N.C.2002). The complaint, even read in the light most favorable to Collins, makes no allegations that would state a plausible claim for relief under the FMLA, and, accordingly, Collins' FMLA claim is dismissed.

### Motion for Summary Judgment

In light of the Court's tolling of Collins' state filing requirement and stay of this action to allow the OAH to consider Collins' disability discrimination claim, the Court finds that consideration of Defendants' Motion for Summary Judgment is inappropriate at this time.

### CONCLUSION

Accordingly, for the reasons discussed above, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff's ADEA, state law tort and negligence claims, and FMLA claims are hereby DISMISSED. Plaintiff's claims against Defendants Harris and McGhee–Young and Defendant Griffin in her individual capacity are also DISMISSED.

Defendants' Motion to Dismiss Plaintiff's ADA and reasonable accommodation claims is DENIED. Plaintiff's state filing requirement is hereby TOLLED and this action is STAYED to allow Plaintiff to submit her disability discrimination claim to the North Carolina Office of Administrative Hearings. Plaintiff shall file her claim with the OAH within ten (10) days of the date of entry of this order. Plaintiff is further DIRECTED to notify this Court upon resolution or termination of her administrative proceedings.

In light of the Court's stay, Defendants' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. Defendants may re-file such a motion upon the expiration of the stay in this matter if appropriate.